UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TAMEKA DESHELL MAXSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:16-cv-00047 |
| CAINE & WEINER COMPANY, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, TAMEKA DESHELL MAXSON ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of CAINE & WEINER COMPANY, LLC ("Defendant"), as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

**PARTIES**

4. Plaintiff is a 39 year old natural person residing at 1871 Summertime Lane, Apartment 6, Lafayette, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff suffers from a variety of mental issues including bi-polar disorder, depression, anxiety, and post-traumatic stress disorder. Due to her various conditions, Plaintiff is unable to work and am currently in the process of applying for disability income through the Social Security Administration.

7. Defendant identifies itself as "a solution-based accounts receivable management company that provides credit and collection services to America's leading companies."[1] From its office at 1699 E. Woodfield Road, Suite 360, Schaumberg, Illinois, Defendant is in the business of collecting consumer debts for others, including a consumer debt owed by Plaintiff.

8. Defendant is an Illinois corporation that is registered with the Illinois Secretary of State bearing file number 00439576.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its correspondences and website, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2001.[2]

**FACTS SUPPORTING CAUSES OF ACTION**

11. During the year 2013, Plaintiff entered into a residential lease agreement with KCB Property Management, LLC ("KCB") for an apartment located at 501B Hickory Lane,

---

[1] http://www.caine-weiner.com/about-us/
[2] http://www.acainternational.org/memberdirectory.aspx

2

Monticello, Indiana. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12. Due to the theft of Plaintiff's savings by her ex-husband, she defaulted on her contractual lease obligations to KCB. *See* attached Exhibit A.

13. In response to Plaintiff's default, KCB[3] caused to be filed eviction proceedings against her on or around October 11, 2013 in the White County Superior Court under case number 91D01-1310-SC-000565 ("small claims case"). *See* attached Exhibit B is a true and correct copy of the docket for the small claims case.

14. Because she did not participate in the small claims case, KCB was able to obtain a default judgment against Plaintiff and she was eventually evicted from the apartment. *See* Exhibit B.

15. With the goal of assessing her financial liabilities, Plaintiff pulled her credit report on June 2, 2016. *See* Exhibit A.

16. Listed on Plaintiff's credit report was an entry in the amount of $4,462.00 that referenced KCB. The party whose name the entry appeared under was Defendant, an agency that Plaintiff was not familiar with. *Id.*

17. Upon information and belief, KCB engaged the services of Defendant following Plaintiff's default.

18. Seeking additional information, Plaintiff looked up Defendant's telephone number and found (847) 407-2320. On June 2, 2016, Plaintiff called Defendant and was first connected with a female representative who did not disclose her name. *Id.*

---

[3] The named party in the small claims case was S&B Lighthouse Investments, LLC which Plaintiff believes is an entity associated with KCB.

19. After giving Defendant her name and telephone number, Plaintiff was transferred to a different female representative who advised that the call may be recorded.  The second female representative also did not disclose her name to Plaintiff.  *Id.*

20. Defendant stated that the balance of Plaintiff's account was $5,949.66 ("subject consumer debt").  *Id.*

21. At no point during Plaintiff's conversation with Defendant was she given information about the origination of the subject consumer debt.  However, Plaintiff believes that it stemmed from the default judgment obtained by KCB in the small claims case.  *Id.*

22. During the telephone call, Defendant represented to Plaintiff that if she didn't pay the subject consumer debt, her account would go to a law office and it would take legal action.  *Id.*

23. Defendant further stated that Plaintiff did not want her account to go to legal action because attorney fees, court costs, and other fees would be added to the balance of the subject consumer debt.  *Id.*

24. At no point during the June 2, 2016 telephone call did Defendant state that it was a debt collector or explain what its relationship was to KCB and the subject consumer debt.  *Id.*

25. Concerned and confused over her conversation with Defendant, Plaintiff spoke with CLP regarding her rights.

26. Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendant's collection actions.

27. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

28. Plaintiff has been unfairly misled and harassed by Defendant's collection actions, resulting in the threat of concrete harm.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

31. Defendant violated 15 U.S.C. §§1692e, e(11), and f during the June 2, 2016 telephone call with Plaintiff. During this call, Defendant did not advise Plaintiff that it was acting in the capacity of a debt collector with regards to the subject consumer debt. This disclosure is mandated by the FDCPA in all communications between debt collectors and consumers that are not formal pleadings in connection with a legal action.

32. Given her health problems, Plaintiff is regularly contacted by multiple parties seeking payment of debt. These parties include both original creditors as well as third-party agencies. The numerous contacts, combined with her mental state, make it very difficult for Plaintiff to fully comprehend the exact identity of the party she is speaking to without being properly advised. By failing to disclose its identity as a debt collector, Defendant contributed to Plaintiff's confusion. Before observing its name on her credit report, Plaintiff does not recall having any interaction with Defendant.

33. As an experience and sophisticated debt collector, Defendant knows that it is required to make the above disclosures. Plaintiff asserts that Defendant routinely ignores this disclosure during its telephonic debt collection practices. Defendant gains an unfair advantage by failing to

fully advise of its status as a debt collector as consumers are more likely to pay an original creditor than a third-party.

34. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. §1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is in violation of this section: The false representation of the character, amount, or legal status of any debt.  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §§1692e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §1692f.

35. Defendant violated 15 U.S.C. §§1692d, e, e(2)(A), e(10), and f during the June 2, 2016 telephone call with Plaintiff.  During this call, Defendant made multiple references to legal action if the subject consumer debt was not paid.  However, these statements were false and misleading as Defendant had already obtained a default judgment on the subject consumer debt by means of the small claims case.

36. Defendant made references to legal action and the consequences of the same in order to coerce Plaintiff into making payment on the subject consumer debt.  Defendant generically stated that the subject consumer debt was subject to legal action even though proceedings had already taken place.  Because it already had obtained a judgment almost three years prior and not acted on the same, Defendant's conduct highlighted its willingness to move forward with legal collection of the subject consumer debt.

37. The above conduct by Defendant was misleading, harassing, and unfair. As plead in paragraphs 25 through 28, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, TAMEKA DESHELL MAXSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 20, 2016                    Respectfully Submitted,

                                        s/ Nathan C. Volheim
                                        Nathan C. Volheim, Esq. #6302103
                                        David S. Klain, Esq. #66305
                                        Counsel for Plaintiff
                                        Admitted in the Northern District of Indiana
                                        Consumer Law Partners, LLC
                                        435 N. Michigan Ave., Suite 1609
                                        Chicago, Illinois 60611
                                        (267) 422-1000 (phone)
                                        (267) 422-2000 (fax)
                                        nate.v@consumerlawpartners.com
                                        davidklain@aol.com